The opinion of the Court was delivered by
Tilghman C. J.
The Act of the 19th of April, 1794, under which this bond was taken, prescribes the form of the condition, and expressly declares that an inventory is to be exhibited within one month, and an account settled within one year, from the date of the bond. If, therefore, we are to pay any regard to the positive injunction of the Act of Assembly, or to the words of the condition of this bond, which was taken as prescribed by the Act,' the bond was forfeited. But, in answer to this, it is said by the defendants’ counsel, that the practice has been, not to exhibit an inventory or settle an account, till the administrator is cited by the Register or the Orphans’ Court; and that this practice is supported by the oath taken by the administrator and the form of the letters of administration, both of which are in the alternative, viz. “ at or before a certain day, or -when legally required.”
As to the practice, I can only say, that if it be so, it is a bad one, and should be abolished. It was not without rea *131 son, that the Act of Assembly insisted on an inventory being exhibited within a month, and an account settled within a year. When the inventory is delayed for a considerable length of time, it will be extremely difficult for the administrator himself, should he live, and almost impossible for any’ other person, in case of his death, to do justice to the estate of the intestate. And there is no difficulty whatever in Complying with this part of the condition. All that the administrator is required to do, is, to make an inventory of all the goods, chattels, &c. which have then comp to his hands; that will prevent the forfeiture of the bond. If other goods, &c. come to his hands afterwards, an additional inventory may be exhibited. Then as to the account. It is undoubtedly for the interest of those concerned in the estate, to know how it stands, at the end of a twelvemonth. It may not be in the power of the administrator to settle a final account. But he may settle as far as the nature of the case admits, and pray time for the settlement of another account, which will always be granted. As to the oath admin stered to the administrator by the Register, or the form of the letters of administration, they cannot affect the question ; for it must not be pretended that the Register has power to repeal or gainsay an Act of the Legislature. The most, therefore, that can be said, is, that the oath is not violated, though the bond is forfeited, by an administrator who exhibits an inventory and settles 'his account, when cited, though after the time limited in the condition of the bond. The truth is, the Act of 1794 not having prescribed the form of oath, or of letters of administration, the Registers of wills have adhered to the old forms. But that can have no effect on the condition of the bond, which is prescribed by that-Act. The point of law, now under consideration, has been expressly decided in England, before our revolution; and that decision recognised here, since the revolution. In the case of The Archbishop of Canterbury v. Willis, Salk. 172. 251. 315, Lord Holt declared it to be the unanimous opinion of the Cpurt of King’s Bench, that the administrator is bound to settle his account, by the time specified in the condition of the bond, though not cited or summoned. Formerly, in England, the condition of the bond was, that the administrator should account when thereunto required. But by the Sta« *132 tute of 22 Car. 2, a day for accounting was to be specified jn the condition, which was left to the discretion of the Or-^nary* ®ur Legislature, however, did not think proper to trust the Register of wills with this discretion, but comma«ded him to make the inventory returnable in one month, and the account in one year, from the date of the bond. That this Court has adopted the principle laid down in the case of The Archbishop of Canterbury v. Willis, will appear from a manuscript note of the late Judge Smith in my possession, of the case of Campbell (Register of Wills for the city and county of Philadelphia J v. Adcock, before Shippen C. J. and Smith J. in the year 1801. It was an action brought by a creditor against the surety in an administration bond. No account had been exhibited by the administrator, nor is any mention made of his having been cited. The Court was of opinion that judgment should be entered for the penalty of the bond, and said “ that it was usual, in such cases, to give judgment without trial, because the creditor could not take out execution without a scire facias on the judgment, on which he would recover only the amount of the damages that be could prove he had sustained.” It is so ordered, by the Act of the 27th of March, 1813, which directs the judgment for the penalty of the bond, to stand as a security for all persons interested therein, and prohibits any execution, without a previous scire facias, on which the party grieved shall prove his damages, to be assessed by the jury who try the cause. The late Judge Yeates, who had long experience in the practice both of the Supreme and County Courts, frequently declared on the bench, that the administrator was held to a- strict performance of the condition, according to the letter of the bond, and that he was protected from an execution, till the plaintiff had proved his damages after suing out a scire facias. I am of opinion, therefore, that in the present case, the bond was forfeited.
I will now consider the question on the Act of the 4th of April, 1797. By the first section of that Act, on its being made to appear to the Orphans’ Court, that executors or administrators are wasting or mismanaging the estate entrusted to them, the Court is authorised to order such security to be given as it may think proper, and to remove such executors or administrators, and appoint others in their place, in case *133 tibe order be not complied with. The second section enacts, that “In all cases where a return of nulla bona shall have been made by the Sheriff of the proper county to an execution , ... , . . agamst any such executors or administrators, their sureties shall, on notice thereof, unless they can show goods or chattels, lands or tenements, in some other county which may be seized and taken in execution by a testatum, fieri facias, to satisfy the same, be liable to pay the amount of the debt and costs therein, in actions brought against them on the said bonds, and such further proof or evidence in support thereof, as by law would have entitled the suitor or suitors to recover his, her, or their demand, of the said executors or administrators de bonis propriis. Provided, such suit shall be instituted against the sureties within seven years after the date of the respective bonds, and the whole amount of the sums of money to be recovered thereupon, shall not exceed the penalties of the said bonds respectively.” I have given the words of the law, and certainly it is an obscure paragraph. I shall therefore give it a construction, so far as is necessary to decide the case before us, and no farther. It surely cannot have been intended, as a general Act of Limitation, barring all suits against the sureties on administration bonds, unless commenced within seven years from the date. If such had been the intention, we must suppose that there would have been some saving for infants and femes covert. In most of these bonds infants are interested, and it ought not to be intended, that the Legislature overlooked or neglected them, unless it be plainly expressed. But it-is not so expressed. On the contrary, the whole section looks to cases where nulla bona has been returned to an execution against an executor or administrator ; that is, as 1 understand it, an execution against the estate of the testator or intestate, in the hands of the executor or administrator. Now no such execution has been issued in the present case, nor does its nature admit of it. It is á demand by the children who are entitled to a distributive share of Thomas Billington’s estate ; and in no form of action could these children have an execution to be levied on the estate of the intestate. The demand is immediately against the administrators in their own right, for not settling the estate and distributing it according to law j and any execution which the plaintiffs could sue out *134 on a judgment against them, would be levied on their own estate, and not on the estate of Thomas Billington. It is a case, therefore, not within the words or meaning of the Act of Assembly, and consequently the action is not barred hyu-
The judgment is to be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.