# The Commonwealth *against* Patterson.

The limitation to an action against sureties, provided by the second section of the act of the 4th of April 1797, is not applicable to an original administration bond taken by the register, but only to an additional bond given by an executor or administrator, by order of the orphans' court.

ERROR to a special court of *Indiana* county.

The Commonwealth for the use of the commissioners of Indiana county against Jane Patterson, Samuel Hill, Archibald Matthews, and Robert Nixon. This was an action of debt on an administration bond, in the penalty of 2000 dollars, in which the jury found the following special verdict:

" That administration was granted on the estate of Thomas Patterson, on the 19th of July 1827, to Jane Patterson and Samuel Hill, and that they, with the other defendants, executed and delivered the bond on which this action was brought. They further find that the administrators filed an inventory of the personal estate of the deceased, in the office of the register of Indiana county, on the 18th of August 1827, amounting to more than 300 dollars. That the treasurer of Indiana county filed a transcript in the name of the county of Indiana, No. 118, June term 1827, against Thomas Patterson. That on that a *scire facias* issued at the suit of the county of Indiana against Samuel Hill and Jane Patterson, administrators of Thomas Patterson, deceased, No. 48, of March term 1835, which was put to issue, and tried by a jury on the 2d of October 1835, and verdict and judgment of the court for the plaintiffs

[The Commonwealth v. Patterson.]

for 117 dollars 77 cents; a *fieri facias* issued on this judgment to December term 1835, No. 47, which was returned *nulla bona,* as to personal property, &c. The defendants rest their case on the second section of the act of the 4th of April 1797. The jury find that this suit was not brought within seven years after the date of the administration bond given in evidence. Of the law on this finding the jury are ignorant, and refer the same to the court, and if the court should be of opinion that this case does not come within the limitation in the said act mentioned of seven years, and is not bound by that limitation, then they find for the plaintiffs the sum of one hundred and thirty-four dollars and thirty-two cents, with six cents damages and six cents costs. But if the court should be of opinion that the said limitation is a bar to the plaintiff's right of recovery, then they find for the defendants.

The court below rendered a judgment for the defendants.

*Banks,* for plaintiff in error, cited 3 *Smith's Laws* 296; 8 *Serg. & Rawle* 133.

*Forster, contra,* cited 3 *Smith's Laws* 141; *Purd. Dig.* 401.

The opinion of the Court was delivered by

Gibson, C. J.—In The Commonwealth *v.* Bryan, 8 *Serg. & Rawle* 132, the chief justice strongly inclined to think this act of 1797 was not intended to be a general statute of limitations; but in consequence of its supposed obscurity, the decision of the cause was put upon another point. Its obscurity, however, is readily dissipated by considering its parts in connection with its object. The mischief recited in the preamble is, that the legal representatives, creditors, and sureties in administration bonds, were sometimes injured by the wasting of a testator's or an intestate's goods; and the remedy provided was, a proceeding in the orphans' court to compel the executor or administrator to give special security " by such sufficient *bond* with sureties, or such *further* security" as may be deemed necessary: " and the said bonds shall be deemed and considered in trust for the benefit of all persons interested." Not a word in this about an original administration bond.

In the second section it is provided, that " when a return of *nulla bona* shall have been made by the sheriff of the proper county to an execution against any *such* executors or administrators, their sureties shall, *on notice thereof,* unless they can show goods or chattels, lands and tenements in some other county, which may be seized and taken in execution by a *testatum fieri facias,* to satisfy the same, be liable to pay the amount of debt and costs therein, in actions brought against them on the *said bonds."* What bonds? Questionless the bonds prescribed in the preceding section; for such is the literal meaning of the clause. Besides, were it applicable to administration bonds in general, no action could, in any case, be

brought against a surety in such a bond till he had received notice of the administrator's default—a measure never observed in practice.

Then comes the clause which peculiarly involves the question: " Provided *such suit* shall be instituted against the sureties within seven years after the date of the *respective bonds.*" Now, if the words " respective bonds" do not regard the bonds mentioned before, they are senseless and absurd; and the words " such suits" clearly point to actions brought against sureties in the bonds prescribed in the first section, and referred to in the second, by the words " the said bonds:" in other words, the bonds given as additional security by order of the orphans' court. Thus it is perceived in the frame of the statute, that it has regard exclusively to executors and particular administrators; and in tracing the connection of its parts, we find they all point to a single object—the remedy by the proceeding in the orphans' court, and the effect of the security which is the fruit of it. Its first section has been supplied by the twenty-second of the act of 1832; but that cannot extend the proviso in the second, should it hereafter be found still to be in force. We profess to decide no more, however, than that the judge did wrong to apply the limitation to an action on the bond given before the register.

Judgment reversed, and judgment for plaintiff.